Alisa A. Martin, State Bar No. 224037
**AMARTIN LAW**
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: (619) 308-6880
Facsimile: (619) 308-6881

Sandra Brennan, State Bar No. 149075
Lindsay C. David, State Bar No. 283267
**BRENNAN & DAVID LAW GROUP**
2888 Loker Avenue East, Suite 302
Carlsbad, CA 92010
Telephone: (760) 730-9408
Facsimile: (760) 888-3575

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACI TRIPES on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, NA<br><br>Defendant. | Case No. '18CV1250 BEN RBB<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. FAILURE TO PROVIDE REST BREAKS<br>2. FAILURE TO WAGES<br>3. FAILURE TO PROVIDE PROPER WAGE STATEMENTS<br>4. FAILURE TO PAY FINAL WAGES<br>5. UNLAWFUL BUSINESS PRACTICES<br><br>**JURY TRIAL DEMAND** |

## I. NATURE OF ACTION

**1.** Based upon personal knowledge, information and belief, Plaintiff Traci Tripes ("Tripes") alleges the following:

**2.** This is a putative wage-and-hour class action wherein Tripes asserts claims against her former employer, Bank of America, N.A. for failing to compensate its mortgage loan officers, mortgage loan associates, lending officers, lending associates, or others in similar positions (together referred to as "Lending Officers") in compliance with California law. Specifically, Bank of America failed to pay for rest breaks, provide rest breaks, pay for missed breaks, provide accurate wage statements and pay wages related to the missed breaks in final wages owed to former employees.

**3.** Tripes seeks, among other things, all wages, restitutionary disgorgement, and statutory penalties. Tripes seeks to represent the following class:

> All current or former Bank of America employees who (1) worked in California as either a Mortgage Loan Officer, Mortgage Loan Associate, Lending Officer, or Lending Associates, or in a similar position, including Sr. Mortgage Loan Offer, Sr. WM Lending Officer, WM Lending Officer, Sr. Lending Officer, Sr. FC Lending Officer and FC Lending Officer, and (2) were subject to an Incentive Plan Agreement at any time since June 12, 2014.

## II. JURISDICTION

**4.** This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, the Class Action Fairness Act of 2005, because the amount in controversy exceeds $5 million and because minimum diversity is met since at least one party is diverse from Bank of America.

**5.** This Court also has supplemental jurisdiction over Tripes' state-law claims pursuant to 28 U.S.C. § 1367.

### III. VENUE

6. Pursuant to 28 U.S.C. § 1391(b), this Court is the proper venue for this action. Bank of Americas' principal office in which it handles and makes business decisions regarding employment matters takes place in this district and this Court has personal jurisdiction over Bank of America under 28 U.S.C. § 1391(c), and a substantial amount of the events giving rise to the claim occurred in this District.

### IV. PARTIES

7. **Plaintiff**: Traci Tripes resided in San Diego County, California throughout the majority of her employment with Bank of America; was employed by Bank of America in various Lending Officer positions; and was paid commissions and bonuses with a monthly draw.

8. **Defendant:** Bank of America, N.A. is a bank that is authorized to conduct and is actually conducting business in the State of California. Bank of America employs individuals throughout California. Bank of America's alleged acts were authorized, directed or accomplished by its agents, officers, employees or representatives, while actively engaged in the operation and management of its business.

### V. BACKGROUND

#### Compensation Model

9. Tripes and the class worked as Lending Officers for Bank of America selling mortgages. Bank of America paid Tripes and the class based on a sales commission.

10. Bank of America paid Tripes and the class advances on commissions on a bi-weekly basis, but then clawed back the advances from the commissions.

#### Overtime Hours

11. Bank of America failed to pay Tripes and class members for all hours worked, including but not limited to, mandatory meetings, loan processing, training and coaching sessions, loan tracking, customer surveys, attending open houses, and attending events. Tripes and the class were frequently required to work off the clock at the knowing and explicit direction and order of Bank of America to complete their duties, including during

2
COMPLAINT

evenings and weekends.

12. When class members worked shifts over 8 hours per day, or over 40 hours per week, Bank of America did not pay them overtime in accordance with law.

**Rest Breaks**

13. Bank of America failed to separately pay Tripes and the class for rest breaks.

14. Tripes and the class' job duties were such that they were unable to take a duty-free rest break. Bank of America required Tripes and class members to remain on call, and did not allow for lawful rest breaks. Tripes and the class were assigned to and required to work shifts lasting over 4 hours, and were not provided nor allowed to take a 10 minute, uninterrupted rest break during each such shift or 4- hour work period.

15. Moreover, Bank of America did not compensate Lending Officers on an hourly basis.  Thus, Bank of America did not provide Lending Officers with the opportunity to take an off-duty paid rest break as required by California law.

16. Bank of America's conduct, as alleged herein, has caused Tripes and the class damages including, but not limited to, loss of wages and compensation. Bank of America is liable to Tripes and the class for failing to pay overtime wages, failing to separately pay class members for rest breaks, failing to pay all wages owed on each pay period, failure to provide accurate wage statements, failure to pay all wages owed upon termination, and unfair competition.

17. Tripes seeks to be the representative for the class of similarly situated Lending Officers who all have been exposed to, have suffered, and/or were permitted to work under, Bank of America's unlawful employment practices as alleged herein.

**Bank of America's Practices Resulted in Improper Wage Statements And Unpaid Final Wages**

18. Based on the policies and practices set forth above, Bank of America failed to provide Tripes and other Lending Officers with proper wage statements in violation of Labor Code § 226

19. Bank of America did not pay all final wages owed to former Lending Officers

3
COMPLAINT

under the Labor Code § 203.

## VI.  CLASS ALLEGATIONS

20. **Class**: Tripes brings this action on behalf of herself and a class consisting of:

All current or former Bank of America employees who (1) worked in California as either a Mortgage Loan Officer, Mortgage Loan Associate, Lending Officer, or Lending Associates, or in a similar position, including Sr. Mortgage Loan Offer, Sr. WM Lending Officer, WM Lending Officer, Sr. Lending Officer, Sr. FC Lending Officer and FC Lending Officer, and (2) were subject to an Incentive Plan Agreement at any time since June 12, 2014. ("class")

21. **Subclass**: Tripes brings this action on behalf of herself and a subclass consisting of:

All class members formerly employed by Bank of America.

22. **Amendments:** Tripes reserves the right to amend or otherwise alter the class definition or to propose subclasses in response to facts learned through discovery, legal arguments or otherwise.

23. **Ascertainablity:** The class is ascertainable in that each member can be identified using information contained in Bank of America's payroll and personnel records.

24. **Common Questions of Law or Fact Predominate:** There is a well-defined community of interest in the questions of law and fact affecting the class and collective. The questions of law and fact common to the class and collective predominate over questions that may affect individual members.  These questions of law and fact include:

   i. whether Bank of America engaged in a pattern or practice of failing to pay Tripes and class members overtime wages for each work hour in excess of 8 hours per day, or 40 hours per week;

   ii. whether Bank of America violated IWC Wage Order No. 4-2001 and Labor Code § 226.7 by failing to provide 10-minute, uninterrupted rest

        periods as contemplated by California law for work periods tin excess of 4 hours;

   iii. whether Bank of America violated IWC Wage Order No. 4-2001 and Labor Code § 226.7 by paying class members based on a commission, without separately paying class members for rest breaks;

   a. whether Bank of America failed to furnish class members with accurate statements showing the total hours of pay owed to each class member, including for rest breaks and/or penalties for missed breaks; and

   b. whether Bank of America failed to pay final wages to its former employees, as required by California law;

   c. Whether Bank of America engaged in unfair practice and violated California Business and Professions Code § 17200 by failing to provide and/or compensate Tripes and the class with their statutory off-duty rest periods on a timely basis;

   d. Whether Bank of America engaged in unfair practice and violated California Business and Professions Code § 17200 by failing to provide and/or compensate Tripes and the class members who worked as mortgage brokers in California during the class period with their statutory overtime;

   e. whether Bank of America violated Labor Code § 226 by issuing statements that did not include compensation owed for rest breaks.

   f. The nature and extent of class-wide injury and measure of damages for the injury.

25. **Numerosity:** The class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to Tripes at this time, Tripes is informed and believes the class consists of at least one hundred individuals, making individual joinder impracticable.

26. **Typicality:** Tripes, like the class, worked at Bank of America during the class

5
COMPLAINT

period and was subjected to Bank of America unlawful policies regarding compensation for rest breaks, thereby resulting in the withholding of earned wages.

**27.    Adequacy:** Tripes will fairly and adequately represent and protect the class' interests in that she has they has no disabling conflicts of interest that would be antagonistic to the class.  Tripes seeks no relief that is antagonistic or adverse to the class and the infringement of the rights and the damages she suffered are typical of all other members. Tripes retained competent counsel, experienced in class action litigation and employment law, and intends to prosecute this action vigorously.

**28.    Superiority:** The class action format is a particularly efficient and appropriate procedure to afford relief to Tripes and the class because:

   iv. The individual amounts of damages involved, while not insubstantial, are such that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly;

   v. This case essentially involves a single employer and a large number of individual employees with many relatively small claims with common issues of law and fact;

   vi. If each class member was required to file an individual lawsuit, Bank of America would gain an unconscionable advantage since it would be able to exploit and overwhelm each class member's limited resources with its vastly superior financial and legal resources;

   vii. The costs of individual suits could unreasonably consume the amounts that would be recovered;

   viii. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to pursue an action against their present and/or former employer for an appreciable and justifiable fear of retaliation and permanent damage to their immediate and/or future employment;

   ix. Proof of a common business practice or factual pattern which Tripes

experienced is representative of that experienced by the class and will establish the right of each of the members to recover on the causes of action alleged; and

x. Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

29. **Notice:** Notice to the class may be made by first-class mail addressed to all persons who have been individually identified by Bank of America through access to its payroll and personnel records. Alternatively, if Bank of America cannot produce certain class members' names and addresses, those class members may be notified by publication in the appropriate media outlets, and by posting notices in Bank of America's places of business.

## VII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Failure to Pay For Or Provide Rest Breaks**
**(By Tripes and the Class Against Bank of America)**

30. Tripes re-alleges and incorporates all preceding paragraphs.

31. California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commissions."

32. IWC Order No.4-2001(12)(A) provides, in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work times is less than three and one-half hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

33. IWC Order No. 4-2001 (12)(B) further provides, "If an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this

order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

34. Bank of America was required to provide, authorize and/or pay for duty-free rest periods pursuant to IWC Order No. 4-2001 (12) and Labor Code § 226.7, among other sections.

35. Bank of America failed to do so, but instead required Tripes and the class to routinely work through rest periods at Bank of America's direction and/or with Bank of America's knowledge and acquiescence. Bank of America also paid Tripes and the class based on a commission and did not separately compensate them for their time.

36. By its actions, Bank of America violated IWC Wage Order No. 4-2001 § 12 and California Labor Code § 226.7 and are liable to Tripes and the class because there are no valid legal or applicable exceptions to the rest period requirement that would otherwise allow Bank of America to avoid providing regular duty-free rest breaks, paying for the break time, or paying for missed breaks.

37. Tripes and the class request relief under California Labor Code § 226.7(b) and IWC Order No. 4-2001, which provide for additional pay for missed rest periods in a sum to be proven at trial, and demand reasonable attorney's fees and costs of suit, pursuant to California Labor Code §§ 230, 218.5, 226, 226.7 and 1194.

### SECOND CLAIM FOR RELIEF
**Failure to Pay Wages**
**(By Tripes and the Class Against Bank of America)**

38. Tripes re-alleges and incorporates all preceding paragraph.

39. California Labor Code § 510 provides that, "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee...." –

40. Section 3(a)(1) of Wage Order No. 4-2001 also mandates that employers pay

one and one-half times the employees' regular rate of pay for employees who work more than 8 hours in a day or 40 hours in a week, and two times their regular rate of pay for any work in excess of 12 hours in one day.

41.     At all times relevant hereto, Tripes and class members were non-exempt for purposes of the overtime and double pay requirements set forth in the Labor Code and Wage Order No. 4-2001. During the class period, Tripes and class members consistently worked five days per week, plus weekends, often for more than 8 hours per workday. Bank of America failed to pay Tripes and the class overtime as required by California Law, and to the extent it did, it failed to pay the correct overtime rate.  Bank of America did not include commissions when it calculated the applicable overtime rate.

42.     Tripes and the class seek to recover unpaid overtime and double-time compensation in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
**Failure to Provide Proper Wage Statements**
**(By Tripes and the Class Against Bank of America)**

43.     Tripes re-alleges and incorporates all preceding paragraph.

44.     California Labor Code § 226(a) requires employers semi-monthly, or at the time of each payment of wages, to furnish each employee with a statement itemizing with the applicable pay rate and the total hours worked by the employee or other basis upon which compensation is determined.  California Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide such a statement, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

45.     Bank of America knowingly and intentionally failed to furnish and continues to knowingly and intentionally fails to furnish proper wage statements to Tripes and the class, as required by California Labor Code § 226(a) because, among other things, the wage statements falsely understated gross wages earned by failing to include rest break wages and overtime.

**46.** As a result, Bank of America is liable to Tripes and the class for the amounts provided by California Labor Code § 226 in addition to attorney's fees, interest and costs of suit.

**47.** By failing to keep adequate time records required by Labor Code Sections 226, Bank of America injured Tripes and the class and made it difficult to calculate the unpaid wages owed. Tripes and the class are entitled to up to $4,000 per class member.

### FOURTH CLAIM FOR RELIEF
### Failure to Provide Pay Final Wages
### (By Tripes and the Subclass Against Bank of America)

**48.** Tripes re-alleges and incorporates all preceding paragraph.

**49.** Labor Code §§ 201 and 202 require Bank of America to pay all compensation due and owing to all formerly employed class members at the time employment was terminated. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, the employer is liable for penalties in the form of continued compensation for up to 30 workdays. Based up information and belief, Bank of America willfully failed to pay upon termination all wages owed to the class who are no longer employed by Bank of America and thus is liable to such class members for penalties pursuant to Labor Code § 203.

**50.** As a result, Bank of America is liable to Tripes and the class for the amounts provided by California Labor Code § 201 and 202 in addition to attorney's fees, interest and costs of suit.

### FIFTH CLAIM FOR RELIEF
### Unlawful Business Practices
### (By Tripes and the Class Against Bank of America)

**51.** Tripes re-alleges and incorporates all preceding paragraphs.

**52.** Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful or unfair business practices.

**53.** Bank of America engaged in unfair competition within the meaning of the UCL. Bank of America's conduct, as alleged herein, constitutes unlawful, unfair, and/or

fraudulent business practices under the UCL.

54. The acts, omissions, and practices of Bank of America as alleged herein constitute unlawful and unfair business acts and practices within the meaning of Section 17200, *et seq.* of the California Business & Professions Code.

55. Throughout the class period, Bank of America has engaged in "unlawful" business acts and practices based on the policies and practices described above, including, among other things, their: failure to compensate for all hour worked, failure to compensate for overtime, failure to pay and provide breaks.

56. Throughout the class period, Bank of America also engaged in "unfair" business acts or practices in that the harm caused by Bank of America's nonpayment of the above-mentioned wages. Moreover, that conduct offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, causes substantial injury to Tripes and the class, and provides Bank of America with an unfair competitive advantage over those employers that abide by the law and properly compensate their employees in accordance with the law.

57. Tripes reserve the right to allege other violations of California law that constitute unlawful acts or practices.

58. As a result of the conduct described above, Bank of America has been and will be unjustly enriched at the expense of Tripes and the class. Specifically, Bank of America has been unjustly enriched by the retention of wages earned and wrongfully withheld from Tripes and the class.

59. Bank of America failed to acknowledge the wrongful nature of their actions. Bank of America has not corrected their policies and practices or provided full restitution and disgorgement of all ill-gotten monies, thereby depriving Tripes and the class the minimum working conditions and standards due them under California Labor Laws and IWC Wage Orders.

60. Pursuant to the Section 17203 of the California Busines & Professions Code, Tripes and the class seek a court order requiring Bank of America to disgorge all ill-gotten

gains and awarding Tripes and the class full restitution of all monies wrongfully acquired by Bank of America by means of such "unlawful" and "unfair" conduct, plus interest and attorney's fees under Section 1021.5 of the Code of Civil Procedure, so as to restore any and all monies to Tripes and the class and the general public which were acquired and obtained by means of such "unlawful" and "unfair" conduct, and which ill-gotten gains are still retained by Bank of America. Tripes and the class additionally request that the Court impound the funds or impose an asset freeze or constructive trust upon the funds. Tripes and the class may be irreparably harmed and/or denied and effective and complete remedy if such an order is not granted.

61. Pursuant to Section 17203 of the California Business & Professions Code, Tripes and the class seek an order of this Court for equitable and/or injunctive relief in the form of requiring Bank of America to ensure the payment of earned wages, rest time, and missed breaks, and to ensure future employees are afforded the breaks mandated by California law.

## VIII. PRAYER

62. Tripes prays for judgment as follows:

   **A.** An order certifying the class and designating Tripes as the Representative and Tripes's counsel as Class Counsel.

   **B.** That the Court preliminarily and permanently enjoin Bank of America from engaging in the conduct alleged herein;

   **C.** Other injunctive and declaratory relief as may be appropriate;

   **D.** Restitution and disgorgement of owed wages, together with interest thereon from the date of payment;

   **E.** For statutory damages, liquidated damages, and penalties according to proof;

   **F.** For general damages in the form of owed wages and business expenses;

   **G.** A declaration that Bank of America is financially responsible for notifying all class members of the pendency of this action;

    **H.**    Reasonable costs and attorneys' fees;

    **I.**    Statutory pre-judgment interest; and

    **J.**    For such other relief as the Court may deem proper.

## IX. JURY DEMAND

**63.** Tripes demands a jury trial for all triable claims.

Dated: June 12, 2018

AMARTIN LAW
BRENNAN & DAVID LAW GROUP


By: s/ Lindsay C. David
    LINDSAY DAVID
Attorneys for Plaintiff and the Class